**IN THE DISTRICT COURT OF THE VIRGIN ISLANDS**
**DIVISION OF ST. CROIX**

| | | |
|---|---|---|
| FELIX CRUZ and ANGEL RODRIGUEZ, | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| RICHARD MATTHEWS, HARRY C. | ) | **CIVIL CASE NO. 2007-40** |
| WALLACE, JR., CHARLES E. DUROSS, | ) | |
| R. ALEXANDER ACOSTA, ANTHONY | ) | |
| JENKINS, Individually and Official | ) | |
| Capacity Acting under Color of Law, | ) | |
| UNITED STATES OF AMERICA and | ) | |
| GOVERNMENT OF THE VIRGIN | ) | |
| ISLANDS, | ) | |
| Defendants. | ) | |
| | ) | |

**MEMORANDUM OPINION AND ORDER**

Finch, Senior Judge

### I.    Introduction

THIS MATTER is before the Court on a Motion to Dismiss filed by Defendants United States of America, Harry C. Wallace, Jr., Charles E. Duross, R. Alexander Acosta, Anthony Jenkins, individually and in their official capacities (hereinafter "Federal Defendants"). Plaintiffs Felix Cruz and Angel Rodriguez (collectively "Plaintiffs") bring claims against Federal Defendants under federal and local civil rights laws and local tort law for injuries allegedly sustained during a May 10, 2004 execution of search warrant and subsequent arrest of Plaintiff Cruz. Federal Defendants seek dismissal of this lawsuit on the grounds that service of process was insufficient under Federal Rules of Civil of Procedure 4(m) and that the claims are timed barred.  Plaintiffs, who are *pro se*, oppose the motion on the grounds that they have complied with Rule 4(m) and are laymen to the legal process. Having examined the Complaint, briefs

prepared by the parties and matters of which this Court may take judicial notice, the Court denies

Federal Defendants' Motion to Dismiss and, pursuant to Federal Rule of Civil Procedure 4(m),

grants the Plaintiffs 120 days to properly serve the Federal Defendants in their individual

capacities.

## II.      Factual and Procedural Background

Plaintiff Felix Cruz alleges that, on or about May 10, 2004, Detective Richard Matthews

(a defendant not a party to this motion) of the Virgin Islands Police Department sought an arrest

and search warrant of him by falsifying, fabricating, and manufacturing witnesses' testimony and

information. (Compl. ¶¶ 1-3, Doc. 1.)[1] Plaintiff contends that Det. Matthews knew of Cruz's

innocence, but nonetheless produced false witnesses and fabricated information in an effort to

support Cruz's grand jury indictment for murder, carjacking, federal firearm violations and other

criminal charges.   (Id. ¶ 4.)[2] Plaintiff further alleges that Special Assistant United States

Attorneys from the District of Florida illegally represented the Government at trial against Cruz

because they lacked proper appointment, affirmation, or affidavit filed with the Court's Clerks

Office. (Id. ¶ 5.) Plaintiff also alleges that the Special Assistant United States Attorneys

unlawfully obtained wire tap orders against him. (Id. ¶ 7.)

On April 23, 2007, Cruz filed a complaint against Federal Defendants in their official and

individual capacities, alleging claims of slander, defamation, false imprisonment, and unlawful

imprisonment.   (Id. ¶ 8.)   On April 26, 2007, co-plaintiff Angel Rodriguez (hereinafter

"Rodriguez") filed a notice amending the Complaint to join in Cruz's cause of action. (See

---

[1] Unless otherwise noted, all document references are to Case No. CIV. NO.: 1:07-cv-00040.
[2] Plaintiff Cruz was convicted of carjacking, the federal firearms charges, and interfering with commerce using threats of violence.  He is currently incarcerated at the Guaynabo Detention Facility in Puerto Rico.

Notice, Doc. 9.)  On April 29, 2010, Federal Defendants filed this motion to dismiss.

### III.   Standard of Review

Rule 12(b)(5) of the Federal Rules of Civil Procedure allows a court to dismiss an action

for "insufficiency of service of process." Fed. R. Civ. P. 12(b)(5). In a Rule 12(b)(5) motion,

"the party making the service has the burden of demonstrating validity when an objection to the

service is made." *Suegart v. U.S. Customs Service*, 180 F.R.D. 276, 278 (E.D. Pa. 1998). "In

addressing such motions, '[t]he courts have broad discretion to dismiss the action or to retain the

case but quash the service that has been made on defendant[s].'" *Grand Ent. Group, Ltd. v. Star*

*Media Sales, Inc.*, 1993 WL 437699, at *2 (E.D. Pa. 1993) (quoting 5A Charles A. Wright &

Arthur R. Miller, FEDERAL PRACTICE PROCEDURE § 1354 at 288 (2d ed. 1990)). However

"dismissal of a complaint is inappropriate when there exists a reasonable prospect that service

may yet be obtained. In such instances, the district court should at most, quash service, leaving

the plaintiff[] free to effect proper service." *Umbenhauer v. Woog*, 969 F.2d 25, 30 (3d Cir.

1992).

### IV.   Discussion

#### a.   Was the United States Properly Served?

The Federal Defendants first argue that Plaintiffs failed to properly serve the United

States because they did not serve the United States Attorney General pursuant to Fed. R. Civ.

Proc. 4(i)(1)(A)(ii).  Rule 4(i) outlines the steps a plaintiff must exercise in order to properly

serve the United States and its officers and states that a party must:

> **(A)(i)** deliver a copy of the summons and of the complaint to the United
> States attorney for the district where the action is brought—or to an
> assistant United States attorney or clerical employee whom the United
> States attorney designates in a writing filed with the court clerk—*or*
>
> **(ii)** send a copy of each by registered or certified mail to the civil-process

clerk at the United States attorney's office…

> **(B)** send a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C.

Fed. R. Civ. P. 4(i)(1)(A) (emphasis added).

Rule 4(i) provides three methods for properly serving the United States. In this case, Plaintiffs served both the United States Attorney General, Alberto Gonzalez, and then United States Attorney for the District of the Virgin Islands in St. Croix, Anthony Jenkins. (Pls.' Summons, Docs. No. 5 and 6.) By effectuating such service upon the United States Attorney General and the local United States Attorney, where the action was brought, the plaintiff has satisfied Rule 4(i)(A)(i) and (B) and service of process on the United States is thus proper.

### b. Was Service of Process proper on the Individual Federal Defendants pursuant to Rule 4(e)?

Plaintiffs named the individual Federal Defendants in their official *and* individual capacities. (*See* Compl. ¶ 8.) The individual Federal Defendants – Harry C. Wallace, Jr., Charles E. Duross, R. Alexander Acosta, and Anthony Jenkins – argue that Plaintiffs were required to personally serve in order to name them in their individual capacities pursuant to Rule 4(i)(3).

Rule 4(i)(3) outlines the process required when serving an officer of the United States in their individual capacity. Rule 4(i)(3) states:

> To serve a United States officer or employee sued in an individual capacity for an act or omission occurring in connection with duties performed on the United States' behalf…a party must serve the United States and also serve the officer or employee under Rule 4 (e), (f), or (g).

Fed. R. Civ. P. 4(i)(3).

Rule 4(e), which applies to "serving an individual within a judicial district of the United

4

States," states:

> [A]n individual… may be served in a judicial district of the United States by:
> **(1)** following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
> **(2)** doing any of the following:
> **(A)** delivering a copy of the summons and of the complaint to the individual personally;
> **(B)** leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
> **(C)** delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e).[3]

In this case, while Plaintiffs have provided evidence that they properly served the individual Federal Defendant in their official capacities, they have not properly served them in their individual capacities.[4]  Rule 4(e) provides that each individual defendant must be served personally, by leaving a copy with a suitable resident at the home of the individual, or through an appointed agent.[5]  Plaintiffs have not shown that the individual Federal Defendants were served through any of these means. *See Jackson v. Telford*, 2006 WL 2559486, at *3 (D.D.C. 2006) ("Federal employees sued in their individual [capacities] must be served with process in accordance with the rules ordinarily applicable to individual defendants.") (citing *inter alia*,

---

[3] Rule 4(f) applies to serving an individual in a foreign country and Rule 4(g) applies to serving a minor or an incompetent person. In this case, because the Federal Defendants are located in the United States, Rule 4(f) is inapplicable. Furthermore, because the Federal Defendants are neither minors nor been deemed incompetent, Rule 4(g) is similarly inapplicable.

[4] Plaintiffs served the individual Federal Defendants by first class mail at their place of business. (*See* Summons, Docs. 2-6.)  This is sufficient to serve them in their official capacities. *See* Fed. R. Civ. P. 4(i)(2) (stating that to serve a United States employee in his or her official capacity, a party must serve the United States and also send a copy of the summons and complaint (registered or certified mail) to the employee).

[5] While it is true that the United States is the Federal Defendant's "appointed agent" for the purposes of being sued in their official capacities (see Fed. R. Civ. P. 4(i)(2)), the same is not true when they are sued in their individual capacities. *See* Fed. R. Civ. P. 4(e)(2).

*Simpkins v. District of Columbia Government*, 108 F.3d 366, 369 (D.C.Cir.1997)).

Plaintiffs argue that, due to incarceration before and throughout this civil action, they have been unable to personally serve the individual Federal Defendants. However, Plaintiffs' incarceration does not waive the service of process requirements of the Federal Rules of Civil Procedure. *See, e .g., Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994) ("[P]ro se status does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure."); *Forte v. Countrywide*, 2008 WL 838851, at *2 (D. Utah 2008) (holding that plaintiff's *pro se* status "does not excuse him from complying with the basic requirements of the Federal Rules of Civil Procedure, including the requirements relating to service of process."). If Plaintiffs lack the necessary funds to arrange for personal service on the individual Federal Defendants, they may petition this Court to proceed *in forma pauperis*. *See* Fed. R. Civ. P. 4(c)(3) (stating that court may order service be made by United States marshal "if the plaintiff is authorized to proceed in forma pauperis.").[6]

### c.   Does Rule 4(m)'s 120-Day Time Limit for Service Bar Plaintiffs' Claim?

Finally, Federal Defendants argue that the Court should dismiss Plaintiffs complaint because they did not remedy their improper service within Rule 4(m)'s prescribed 120-day period. Rule 4(m) states:

> If a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure the court must extend the time for service for an

---

[6] Plaintiffs previously sought to proceed *in forma pauperis*. (*See* Pl.s' Mot. for Leave to Proceed in Forma Pauperis, Doc. 14.) However the Court denied Plaintiffs' motion without prejudice because they failed to properly complete the *in forma pauperis* applications. (Order ¶ 2, Doc. 15.)   Plaintiffs are hereby reminded that they may still reapply to proceed *in forma pauperis* by completely filling out the required applications.

appropriate period.

Fed. R. Civ. P. 4(m).

In applying Rule 4(m) the court has "discretion to extend the time for service." *Boley v. Kaymark* 123 F.3d 756, 758 (3d Cir. 1997). The Supreme Court has emphasized that Rule 4(m) provides district courts with discretion to extend the time limit for service for "good cause" or "even if there is no good cause shown." *Henderson v. United States*, 517 U.S. 654, 662 (1996).

In this case, Plaintiffs are incarcerated *pro se* litigants. As noted by the Third Circuit, "pro se submissions are held to less stringent standards than we expect of attorneys trained in the law and legal drafting." *Alongi v. Ricci*, 367 Fed.Appx. 341, 345 (3d Cir. 2010) (citing *Haines v. Kerner*, 404 U.S. 519 (1972); *see also Gov't of the Virgin Islands v. Mills*, 2011 U.S. App. Lexis 2396, at * X (3d Cir. Feb. 9, 2011) (finding that court must construe pro se litigant's notice of appeal broadly). Plaintiff's pro se status counsels against a strict application of Rule 4(m)'s 120 day requirement.

In addition, the Court notes that the record does not reflect that Plaintiffs were sent a copy of this Court's March 6, 2009 Order denying their motion for leave to proceed in *forma pauperis*. (*See* Doc. 15.) Plaintiffs' possible unawareness that their motion to proceed in *forma pauperis* has been denied also militates against dismissing their complaint. Accordingly, Plaintiffs shall have 120 days from the date of this order to properly serve the individual Federal Defendants. Plaintiffs are again reminded that if they wish to proceed in *forma pauperis* (and receive assistance in serving the individual Federal Defendants), they must submit fully completed applications.

## V.      Conclusion

For the foregoing reasons, it is hereby **ORDERED** that

Federal Defendants' Motion to Dismiss is **DENIED**;

Plaintiffs shall have 120 days from the date of this Order to properly serve the Federal

Defendants in their individual capacities pursuant to Federal Rule of Civil Procedure 4(e);

The clerk shall send to Plaintiffs a copy of the Court's March 6, 2009 Order as well as all

other Orders of this Court in this case.

**ENTERED:**

Dated: February___, 2011

RAYMOND L. FINCH
SENIOR U.S. DISTRICT JUDGE