NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF THE VIRGIN ISLANDS
## ST. CROIX DIVISION

Felix Cruz and Angel Rodriguez,

    Plaintiffs,

v.

Richard Matthews, et al.,

    Defendants.

Civ. No. 07-40

OPINION

THOMPSON, U.S.D.J.[1]

The above-captioned matter appears before the Court on the motion to dismiss of Harry C. Wallace, Jr., Charles E. Duross, R. Alexander Acosta, Anthony Jenkins, and the United States of America (collectively, "Federal Defendants").[2] (Doc. No. 56). The Court has decided the motion based upon the written submissions of the parties and without oral argument pursuant to Federal Rule of Civil Procedure 78(b). For the reasons included herein, the Court will grant Federal Defendants' motion.

### BACKGROUND

The matter before the Court centers on the actions of Federal Defendants during the prosecution and conviction of Plaintiffs Angel Rodriguez and Felix Cruz ("Plaintiffs") for crimes

---

[1] The Hon. Anne E. Thompson, United States District Judge for the District of New Jersey, sitting by designation.
[2] The Government of the Virgin Islands as well as Richard Matthews, a policeman, are also named defendants in the present action.

1

perpetrated on April 17, 2004.[3] (Doc. No. 1). Plaintiffs allege that, on or about May 10, 2004, Detective Richard Matthews of the Virgin Islands Police Department illegally obtained search and arrest warrants and fabricated witnesses' testimony as well as other information to support grand jury indictments in the above crimes.[4] (Doc. No. 1, 1). Plaintiffs further allege that Special Assistant United States Attorneys from the District of Florida appeared illegally on behalf of the Government because these attorneys lacked proper appointment, affirmation, or affidavit filed with the Court's Clerks Office. (Doc. No. 1, 3). Plaintiffs also claim that an unspecified SAUSA unlawfully obtained wiretap orders. (Doc. No. 1, 3).

On April 23, 2007, Plaintiffs[5] filed a complaint against Federal Defendants and others,[6] requesting "just compensation for injuries and damages" related to alleged slander, defamation, false imprisonment, and unlawful imprisonment. (Doc. No. 1).

## DISCUSSION

Federal Defendants' motion to dismiss implicates several standards under the Federal Rules of Civil Procedure. However, this Court will only examine the two rules necessary to reach its decision, Rule 12(b)(1) and Rule 12(b)(6), before applying these rules to the present case.

---

[3] Plaintiffs were each charged with eleven counts, including carjacking, use of a firearm during a crime of violence, and first degree felony murder. *U.S. v. Berrios, et al.*, Crim. No. 04-105 (D.V.I., July 8, 2008). Reinaldo Berrios and Troy Moore were also convicted along with Plaintiffs; however, neither Berrios nor Moore is a party to the present suit.
[4] Matthews is a defendant in the present action, but he has not joined the present motion.
[5] Plaintiff Rodriguez joined the action on March 6, 2009. (Doc. No. 15).
[6] Wallace, Duross, Acosta, and Jenkins are being sued in their individual and official capacities.

2

*1. Legal Standard for a Motion to Dismiss*

### a. Federal Rule of Civil Procedure 12(b)(1)

"Federal Rule of Civil Procedure 12(b)(1) provides that a party may bring a motion to dismiss for lack of subject matter jurisdiction." *Ballentine v. United States*, 486 F.3d 806, 810 (3d Cir. 2007). "The party invoking federal jurisdiction bears the burden of establishing the elements of standing, and each element must be supported in the same way as any other matter in which the plaintiff bears the burden of proof, i.e., with the manner and degree of evidence required at the successive stages of the litigation." *Focus v. Allegheny Cnty. Court of Common Pleas*, 75 F.3d 834, 838 (3d Cir. 1996) (citations omitted).

"When standing is challenged on the basis of the pleadings, [courts must] accept as true all material allegations in the complaint, and . . . construe the complaint in favor of the complaining party." *Id.* (citations omitted). However, when the challenging party presents a factual challenge, "the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Petruska v. Gannon Univ.*, 462 F.3d 294, 302 n. 3 (3d Cir. 2006).

### b. Federal Rule of Civil Procedure 12(b)(6)

A motion under Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the complaint. *Kost v. Kozakiewicz*, 1 F. 3d 176, 183 (3d Cir. 1993). The defendant bears the burden of showing that no claim has been presented. *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005). When considering a Rule 12(b)(6) motion, a district court should conduct a three-part analysis. *See Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). "First, the court must 'take note of the elements a plaintiff must plead to state a claim.'" *Id.* (quoting *Ashcroft v. Iqbal*, 56 U.S. 662, 675 (2009)). Second, the court must accept as true all of a plaintiff's well-pleaded factual allegations and construe the complaint in the light most favorable to the plaintiff.

3

*Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009). The court may disregard any conclusory legal allegations. *Id.* Finally, the court must determine whether the "facts are sufficient to show that plaintiff has a 'plausible claim for relief.'" *Id.* at 211 (quoting *Iqbal*, 556 U.S. at 679). Such a claim requires more than a mere allegation of an entitlement to relief or demonstration of the "mere possibility of misconduct;" the facts must allow a court reasonably to infer "that the defendant is liable for the misconduct alleged." *Id.* at 210, 211 (quoting *Iqbal*, 556 U.S. 678-79).

*2. Analysis*

The Court will first determine whether the Court has jurisdiction to hear the claims against the United States before examining whether Plaintiffs can recover from the remaining Federal Defendants.

**a. Claims Against the United States**

"As a sovereign, the United States may not be sued without its consent." *Richards v. United States*, 176 F.3d 652, 654 (3d. Cir. 1999)(citations omitted). Absent a waiver, the doctrine of sovereign immunity "not only protects the United States from liability, it deprives a court of subject matter jurisdiction over claims against the United States." *Id.* The Federal Tort Claims Act, 28 U.S.C. § 1346 ("the FTCA"), partially waived the sovereign immunity of the United States for certain torts committed by federal employees. Under the FTCA, a civil action is permitted against the United States for:

> injury or loss of property [. . .] caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his[or her] office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

4

28 U.S.C. § 1346(b). However, "[b]efore filing suit [under the FTCA], a claimant must exhaust administrative remedies by presenting his claim to the appropriate federal agency and obtaining a written notice of denial of the claim or awaiting the passage of six months without a final disposition." *Horn v. U.S. Dep't of Veterans Affairs*, 941 F. Supp. 2d 137, 139 (D.D.C. 2013). This exhaustion requirement is jurisdictional. *McNeil v. U.S.*, 508 U.S. 106, 113 (1993).

Here, Plaintiffs do not allege that these claims were presented to a federal agency or that Plaintiffs exhausted the administrative remedies, as required by 28 U.S.C. §2675(a). *See Rosario v. American Export-Ibrandtsen Lines, Inc.*, 531 F.2d 1227, 1231 (3d Cir. 1976). Accordingly, the motion to dismiss is granted with respect to all claims against the United States.

### b. Claims Against Defendants Duross, Wallace, Acosta, and Jenkins

Prosecutors enjoy absolute immunity from liability in civil suits for certain actions taken in their role as prosecutors. *Imbler v. Pachtman*, 424 U.S. 409, 427-28 (1976). "[A]cts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for a trial, and which occur in the course of his role as an advocate for the State, are entitled to the protections of absolute immunity." *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993). "Although such immunity leaves the genuinely wronged criminal defendant without civil redress," the Supreme Court has found that "the alternative [. . .] would disserve the broader public interest." *Imbler*, 424 U.S. at 428.

Here, Defendants Duross, Wallace, Acosta, and Jenkins were SAUSAs at the time of the incident. Plaintiffs allege that Defendants Duross and Wallace appeared before the United States District Court in the Virgin Islands in the criminal matter at issue. Plaintiffs also state that evidence used against Plaintiffs was obtained from an "unlawful Oral/Wire tap order from [an] SAUSA who was never appointed [. . .] or authorized." (Doc. No. 1, 2). Viewing the facts in the

light most favorable to Plaintiffs, the Court finds that Plaintiffs have not alleged any facts that would fall outside the scope of each prosecutor's duties in initiating and pursuing a criminal prosecution. Therefore, absolute immunity applies to all remaining Federal Defendants.

## CONCLUSION

For the above mentioned reasons, Federal Defendants' motion to dismiss is granted.

*Anne E. Thompson*
ANNE E. THOMPSON, U.S.D.J.

Dated: Feb 2, 2014