NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF THE VIRGIN ISLANDS
## ST. CROIX DIVISION

Felix Cruz and Angel Rodriguez,

    Plaintiffs,

v.

Richard Matthews, et al.,

    Defendants.

Civ. No. 07-40

OPINION

THOMPSON, U.S.D.J.[1]

The above-captioned matter appears before the Court on the motions of Plaintiffs Felix Cruz and Angel Rodriguez to do the following: (1) amend the Complaint, (Doc. No. 64); and (2) compel the Clerk of Court to forward motions and orders to Plaintiffs, (Doc. No. 66). The Court has decided each motion based upon the written submissions of the parties and without oral argument pursuant to Federal Rule of Civil Procedure 78(b). For the reasons included herein, the Court will do the following: (1) deny the motion to amend, (Doc. No. 64); and (2) grant the motion to forward all orders and motions to Plaintiffs, (Doc. No. 66).

### BACKGROUND

The matter before the Court centers on the actions of Defendants during the prosecution and conviction of Plaintiffs for crimes perpetrated on April 17, 2004. (Doc. No. 1). Plaintiffs allege that, on or about May 10, 2004, Detective Richard Matthews of the Virgin Islands Police

---

[1] The Hon. Anne E. Thompson, United States District Judge for the District of New Jersey, sitting by designation.

1

Department illegally obtained search and arrest warrants and fabricated witnesses' testimony as well as other information to support grand jury indictments in the above crimes. (Doc. No. 1 at 1). Plaintiffs further allege that Special Assistant United States Attorneys from the District of Florida appeared illegally on behalf of the Government because these attorneys lacked proper appointment, affirmation, or affidavit filed with the Court's Clerks Office. (Doc. No. 1 at 3). Plaintiffs also claim that an unspecified SAUSA unlawfully obtained wiretap orders. (Doc. No. 1 at 3). The Court granted a motion to dismiss with respect to the claims against the Special Assistant United States Attorneys and the United States.

Plaintiffs have filed two motions, seeking to do the following: (1) amend the complaint to include three additional defendants; and (2) compel the Clerk of Court to forward all orders and motions to Plaintiffs. (Doc. Nos. 64, 66).

## DISCUSSION

*1. Motion to Amend*

Pursuant to Federal Rule of Civil Procedure 15(a)(2), leave to amend the pleadings is generally granted freely. *See Foman v. Davis*, 371 U.S. 178, 182 (1962). Nevertheless, the Court may deny a motion to amend where there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment." *Id.* An amendment is considered futile "when 'the complaint, as amended, would fail to state a claim upon which relief could be granted.'" *In re NAHC, Inc. Sec. Litig.*, 306 F.3d 1314, 1332 (3d Cir. 2002) (citations omitted). "In assessing futility, the district court applies the same standard of legal sufficiency as applies under Rule 12(b)(6)." *In re Burlington Coat Factory Sec. Litig.*, 113 F.3d 1410 (3d Cir. 1997). Under this standard, the question before

the Court is whether the complaint sets forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007).

Here, Plaintiffs move to amend three names to the Complaint: (1) Lawrence Schneider, an AUSA; (2) Daniel R. Dominguez, a United States District Court Judge; and (3) Labron Hawk, a DEA agent. Plaintiffs do not explain with respect to what actions or in what capacity any of these individuals are being sued. The request to add these three individuals is denied due to futility.

As discussed in detail in this Court's decision of February 7, 2014, (Doc. Nos. 70, 71), "[p]rosecutors enjoy absolute immunity from liability in civil suits for certain actions taken in their role as prosecutors." *See Imbler v. Pachtman,* 424 U.S. 409, 427-28 (1976). Judges have also been "cloaked with absolute civil immunity for centuries." *See id* at 429. Finally, there appears to be no accusation that any of these parties engaged in individualized wrongdoing. *See, e.g., Ashcroft v. Iqbal,* 556 U.S. 662, 676 (2009)("a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution").

*2. Motion to Compel*

Plaintiffs claim that Plaintiff Cruz did not receive copies of a "motion to quash" filed with this Court. (Doc. No. 66, 2). The Court orders that all motions, opinions, and orders filed in this case are to be communicated to all Parties.

### CONCLUSION

For the reasons stated above, the motion to amend is denied, (Doc. No. 64), and the motion to compel is granted, (Doc. No. 66).

Dated: 2/11/14

ANNE E. THOMPSON, U.S.D.J.

3